Gretha Gretty WONTAS; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–76118.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 6, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioners.

Mary Jane Candaux, Jennifer L. Lightbody, Linda S. Wendtland, DOJ–U.S. De-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

partment of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Gretha Gretty Wontas and her husband, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, we review for substantial evidence, *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004), and we deny the petition for review.

Substantial record evidence supports the BIA's conclusion that the mistreatment Wontas suffered while living in Indonesia as a Seventh Day Adventist did not rise to the level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (holding that physical assault, brief detention, and attempted burglary did not rise to the level of persecution). Substantial record evidence also supports the BIA's conclusion that Wontas did not establish a well-founded fear of future persecution. *See Lolong v. Gonzales,* 484 F.3d 1173,

1181 (9th Cir.2007) (en banc) (showing of individualized risk requires more than a general undifferentiated claim of the type of fears common to the religious group).

Because Wontas did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006). Moreover, substantial evidence supports the BIA's conclusion that Wontas did not establish it is more likely than not that she will be tortured if returned to Indonesia, and we uphold the denial of relief under the CAT. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

